# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| MAURICE HARPER, | : | CIVIL ACTION NO. 3:CV-16-2366 |
|---|---|---|
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff, Maurice Harper, an inmate formerly confined[1] in the State Correctional Institution, Frackville, Pennsylvania ("SCI–Frackville"), filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Named as Defendants are the Department of Corrections; B. Tritt, SCI-Frackville Superintendent Delbalso; and Denise Stover, SCI-Frackville Records Supervisor. Presently before the Court is Defendants' motion to dismiss. (Doc. 20). The motion is ripe for disposition, and for the reasons that follow, the Court will grant

---

[1] Subsequent to the filing of this action, Plaintiff was released to a halfway house located at 3200 Henry Avenue, Philadelphia, PA 19129. (See Doc. 25).

the motion.

## II. Factual Allegations

Plaintiff claims that on July 23, 2015, he "entered into a negotiated *nolo contendere* plea agreement with the Commonwealth." (Doc. 1, complaint). He states that the "sentencing judge explained that [he] was to be credited with time served from 12/7/12 - 7/23/15, as was negotiated as part of the agreement." Id. Plaintiff arrived at SCI-Frackville on August 19, 2015, and believed that he was "serving the judgment of conviction as was explained to [him] by the sentencing judge." Id.

On September 4, 2015, Plaintiff "was informed many months after he entered into the plea agreement that the Department of Corrections is not honoring the judgement of conviction as was explained to [him] by the sentencing judgment." Id. As a result, he contends that he is being held past what he believes to be his minimum release date. For relief, Plaintiff seeks compensatory damages as well as injunctive relief. Id.

## III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must

2

"accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis."

Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

IV. **Discussion**

Plaintiff is challenging the duration of his confinement, and such a challenge must proceed in habeas corpus. Williams v. Cosovoy, 453 F.3d 173, 177 (3d Cir.2006). In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court clarified the interplay between habeas corpus and civil rights claims. The Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87 (footnote omitted).

Heck has been extended to requests for declaratory and injunctive relief.

See Edwards v. Balisok, 520 U.S. 641 (1997) (Heck bars a section 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing forfeiting good-time credits). As the Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—**if** success in that action would necessarily demonstrate the invalidity of the confinement or its duration." As the Third Circuit has summarized the holding of Heck: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams, 453 F.3d at 177.[2]

Heck's favorable-termination rule applies here because Plaintiff's complaint calls into question the calculation of his sentence and, in turn, the

---

[2] The Court takes judicial notice of Plaintiff's state court docket, which reflects that Plaintiff is currently pursuing an appeal to the Pennsylvania Superior Court of the denial of his Post-Conviction Relief Act petition, by the Philadelphia County Court of Common Pleas. See Commonwealth of Pennsylvania v. Harper, CP-51-CR-0007104-2012 (Philadelphia County Criminal Docket Sheet).

5

correct duration of his confinement. See, e.g., Benson v. New Jersey State Parole Board, 947 F.Supp. 827, 833 (D.N.J.1996) (Heck bars a section 1983 claim seeking declaratory relief and punitive damages premised on the denial of a timely parole hearing and the allegedly erroneous calculation of a parole eligibility date until the plaintiff succeeds in a state appellate court or federal habeas proceeding). The favorable-termination rule applies to the Eighth Amendment claims under Sample v. Diecks, 885 F.2d 1099 (3d Cir.1989), which bars such claims until the plaintiff's purported confinement beyond his minimum release date "has been invalidated by state authorities, the state court or by issuance of a writ of habeas corpus." Owens v. Ortiz, No. 05–2351, 2005 WL 1199066, at *3 (D.N.J. May 19, 2005); see also Mosch v. Brown, No. 06–4067, 2006 WL 2711637, at *3–4 (D.N.J. Sept.20, 2006) (damages claims for confinement in excess of plaintiff's maximum term not cognizable under Heck when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition); Romano v. Taylor, No. 06–573, 2006 WL 2993231, at *2 (D.N.J. Oct. 20, 20056) (claim that plaintiff's housing level has illegally extended his term of confinement not cognizable under section 1983 until a state tribunal or a federal habeas court has declared the confinement illegal, noting Sample). Under this

well-settled law, Plaintiff's complaint fails to state a claim and therefore will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir.2002). Because there has been no prior challenge to Plaintiff's alleged excessive confinement, we conclude that amendment would be futile. As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted, and the case will be closed. A separate Order will be issued.

Dated: February 1, 2018        /s/ William J. Nealon
                               **United States District Judge**